IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DANIEL MELLINGER, | ) | Civ. No. 18-00069 SOM/KSC |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | ORDER DISMISSING PETITION |
| vs. | ) | |
| U.S. PROBATION OFFICE, | ) | |
| Respondent. | ) | |

**ORDER DISMISSING PETITION**

**I.      INTRODUCTION.**

Petitioner Daniel Mellinger brings this action under 28 U.S.C. § 2241, which provides federal courts with a general grant of habeas authority. *See Frantz v. Hazey, 533 F.3d 724, 735* (9th Cir. 2008) (en banc). Mellinger asserts that his term of supervised release in one criminal case should have run concurrently with his term of parole in a separate case, beginning on July 18, 2014. He asks this court to order that his term of supervised release began on July 18, 2014. However, when Mellinger's parole was revoked and he was imprisoned (possibly from July 18, 2014, pending the parole revocation hearing), his separate term of supervised release was tolled. The court dismisses the petition because it plainly appears that he is not entitled to the relief he seeks.

**II.     STANDARD.**

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "The district court may

apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)," which pertains to cases involving a petition under 28 U.S.C. § 2254. *See Lane v. Feather*, 584 F. App'x 843 (9th Cir. 2014) (citing Rule 1(b) of the Rules Governing Section 2254 Cases and stating that the district court did not err in applying Rule 4 of the Rules Governing Section 2254 Cases to a § 2241 Petition); *Moncrieffe v. Yost*, 367 F. App'x 286, 288 (3d Cir. 2010) (noting that Rule 4 of the Rules Governing Section 2254 Cases applies to a § 2241 petition "by virtue of Rule 1(b)"); *Sullivan v. Hendershot*, 2013 WL 5913797, at *4 n.5 (D. Haw. Oct. 30, 2013) ("The Rules Governing Section 2254 Cases also apply to § 2241 petitions."); *Tanner v. MacDonald*, 2011 WL 1598838, at *1 (D. Haw. Apr. 27, 2011) (dismissing a § 2241 petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this court must dismiss a § 2241 petition and direct the Clerk of Court to notify the petitioner when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**III.    BACKGROUND.**

Mellinger has an extensive criminal history. Pursuant to Rule 201 of the Federal Rules of Evidence, the court takes judicial notice of this history, as explained in the orders and

2

files of Mellinger's other cases.  For example, Mellinger was convicted of 7 counts of burglary in Connecticut and 8 counts of robbery and escape in Hawaii.  *See* Federal Institutional Revocation (Dec. 3, 2014) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 74 of 128 (D. Ariz. May 1, 2015)).  Those convictions are not relevant to the present petition.

Relevant here are Mellinger's convictions on multiple 1985 bank robbery charges in the United States District Court for the Central District of California.  He was sentenced to 18 years of imprisonment in each case, with the terms running concurrently.  *See Mellinger v. Graber*, 2015 WL 6406241, *1 (D. Ariz. Sept. 2, 2015); Judgment and Probation/Commitment Orders in Cr. Nos 85-268 WJR, 85-818 WJR, 85-833 WJR, 85-834 WJR, 85-871 WJR, and 85-873 WJR (Sept. 20, 1985) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Pages 17-22 of 128 (D. Ariz. May 1, 2015)).  Mellinger calls this the "old law sentence."  *See* Petition, ECF No. 1, PageID # 6.

Mellinger began serving his sentences on the 1985 bank robberies, and, in January 1989, the United States Parole Commission determined that he should serve to the expiration of his sentences, rather than be paroled.  *See Graber*, 2015 WL 6406241 at *1; Notice of Action (Jan. 24, 2089) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 24 of 128 (D. Ariz. May 1, 2015)).

> In 1997, however, Mellinger was given a mandatory release pursuant to the Parole Act, which required the Commission to release a prisoner "at the expiration of his term of sentence less the time deducted for good conduct." 28 U.S.C. § 4163 (1982 ed.). At the time of his release, [Mellinger] had 2,593 days of his original sentence left to serve. . . . Under the Parole Act, [Mellinger] was to be "deemed as if released on parole" until the expiration of his statutory sentence less 180 days. 28 U.S.C. § 4164 (1982 ed.). This was set to occur in November 2003.
>
> In March 1998, the Commission revoked Petitioner's mandatory release for a technical parole violation. . . . Despite revoking his mandatory release, the Commission gave Petitioner credit for his time on parole, bringing his remaining sentence to 1,932 days. . . . In February 1999, Petitioner was reparoled.

*Graber*, 2015 WL 6385300 at *1; *see also* Certificate of Parole (indicating that Mellinger was paroled on February 9, 1999, with 1,932 days of his sentence remaining) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 35 of 128 (D. Ariz. May 1, 2015)).

Four months later, Mellinger committed 6 more bank robberies in California. *Graber*, 2015 WL 6406241 at *1. Charges arising from these bank robberies were filed in the United States District Court for the Northern District of California, Cr. No. 5:99-20101 RMW. According to the docket in that case, in October 1999, Mellinger entered a guilty plea pursuant to a plea agreement; he was sentenced in January 2000 to 188 months of imprisonment followed by 5 years of supervised release. *See also*

4

Judgment in a Criminal Case (Jan. 31, 2000) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Pages 46-51 of 128 (D. Ariz. May 1, 2015)). Mellinger calls this the "new law sentence." *See* Petition, ECF No. 1, PageID # 6.

On July 13, 1999 (after he had been paroled in the 1985 cases but before he entered a guilty plea with respect to the 1999 case), the United States Parole Commission issued a warrant for Mellinger's arrest for having left the district in which he was serving his parole sentence without permission and for failing to report a change in his residence. *See* Warrant Application (July 13, 1999) and Warrant (July 13, 1999) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Pages 39 and 41 of 128 (D. Ariz. May 1, 2015)). The Parole Commission instructed the U.S. Marshals Service to "assume custody as soon as possible or when located," but "[i]f the parolee is already in the custody of federal or state authorities, do not execute this warrant." Instead, "[p]lace a detainer and notify the Commission for further instructions." *See* Memorandum (July 13, 1999) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 44 of 128 (D. Ariz. May 1, 2015)). Because Mellinger was already in custody with respect to the 1999 bank robberies, the warrant was placed as a detainer. *See Graber*, 2015 WL 6406241 at *1.

In 2001, Mellinger was indicted in the United States District Court for the Eastern District of Texas for having

5

possessed illegal contraband while in prison. *See* Crim. No. 1:01-00174 TH-WCR. Apparently, he had brandished a 9-inch shank during a struggle with a prison official. *See Graber*, 2015 WL 6406241 at *2. According to the docket sheet in that case, Mellinger entered a guilty plea and was initially sentenced to 30 months of imprisonment and 3 years of supervised release. The sentence was later amended to lower his imprisonment to 15 months running consecutively to his sentence for the 1999 robberies. The amended sentence may not have changed the 3 years of supervised release imposed in the original judgment, but this court cannot discern that with certainty from the docket sheet.

In May 2007, the Parole Commission supplemented the warrant that had led to the detainer relating to the 1985 charges, noting that Mellinger had violated his parole when he committed one of the 1999 bank robberies. *See* Charge No. 3 (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 59 of 128 (D. Ariz. May 1, 2015)).

On July 18, 2014, Mellinger completed his incarceration with respect to the 1999 conviction; the Parole Commission executed its warrant on that date. *Graber*, 2015 WL 6406241 at *2. Although not entirely clear from the record or dockets in Mellinger's other court cases, it appears that Mellinger remained incarcerated after he completed his prison term with respect to the 1999 conviction. *See* ECF No. 1 (arguing that Mellinger

6

should have received credit for supervised release from July 18, 2014, even though he was incarcerated).

On August 5, 2014, the Parole Commission supplemented the parole violator warrant, asserting that Mellinger had possessed a prohibited object (the shank in issue in the 2001 Texas case). *See* Supplement (Aug. 5, 2014), (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 65 of 128 (D. Ariz. May 1, 2015)):

> On November 13, 2014, a revocation hearing was conducted at the Federal Transfer Center in Oklahoma City, Oklahoma, with respect to the parole violator warrant and supplements thereto. Petitioner admitted each of the charges and was allowed to provide statements in his defense. The hearing examiner found that Petitioner had violated the conditions of his parole with respect to each of the charges. Revocation of Petitioner's parole was recommended, with his sentence to be continued to expiration, with none of the time spent on parole to be credited to the revocation sentence.

*Mellinger v. Kastner*, No. CIV-14-1130-R, 2015 WL 1061829, at *2 (W.D. Okla. Feb. 12, 2015).

On December 3, 2014, the Parole Commission followed the hearings officer's recommendation and revoked Mellinger's parole, stating, "None of the time spent on parole shall be credited. Continue to expiration." *See* Federal Institution Revocation (Dec. 3, 2014) (filed in Civil No. 2:15-00129 DGC, Doc. No. 17-2, Page 73 of 128 (D. Ariz. May 1, 2015)).

7

The Federal Bureau of Prisons inmate locator system indicates that Mellinger was released on September 1, 2017. *See* https://www.bop.gov/inmateloc/ (input inmate number 81481-012). This is the same date listed as Mellinger's projected release date on a Sentence Monitoring Computation Data sheet submitted by Mellinger to the Ninth Circuit in connection with Mellinger's appeal arguing that he should have received more credit for his parole. *See* Case 15-17222, ID 9903500, DktEntry 8, Page 4 of 5 (Mar. 14, 2016). It is not clear in which case Mellinger was serving time from December 3, 2014, to September 1, 2017 (e.g., with respect to a parole revocation tied to the 1985 convictions or possibly to the 2001 prohibited item conviction, or both). The important fact is that Mellinger was incarcerated during this time, as Mellinger acknowledges in his petition.

After Mellinger's release from prison, it appears that supervision responsibilities were transferred to the United States Probation Office for the District of Hawaii.

It also appears that Mellinger's parole with respect to the 1985 convictions ends on or about May 5, 2019. *See Graber*, 2015 WL 6385300 at *2. In asserting that his supervised release should have begun running on July 18, 2014, Mellinger appears to be contending that one or both of his supervised release sentences in the 1999 and 2001 cases will run beyond May 5, 2019.

**IV.     ANALYSIS.**

Mellinger's petition argues that his supervised release term should have begun running on July 18, 2014, when he was released from prison on the 1999 charge and detained under the parole warrant with respect to the 1985 charges. He says that, on that date, he was on parole and that his supervised release term should have been running at the same time as his parole term. *See* Petition, ECF No. 1, PageID # 6. He asks this court to order that his supervised release started on July 18, 2014. *Id.*, PageID # 7.

Mellinger misunderstands the applicable law. Under 18 U.S.C. § 3624(e),

> The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days.

Had Mellinger been released from prison on July 18, 2014, and simply started parole on that date, his supervised release term would have run concurrently with the parole term under § 3624(e). But that is not what happened. Although the record does not expressly indicate that Mellinger was imprisoned

9

based on the detainer from July 18, 2014, to December 2014, when his parole was revoked, he does appear to have been incarcerated. The Parole Commission determined that none of the time he spent on parole would be credited and that he was to be imprisoned to the end of his sentence with respect to the 1985 convictions. Under § 3624(e), while Mellinger was imprisoned with respect to the federal 1985 convictions, his supervised release term did not run, as there is no contention that he was imprisoned for less than 30 consecutive days. Mellinger's imprisonment in 2014 means that he is not entitled to have his supervised release run continuously from July 18, 2014. The court rejects Mellinger's contention that his incarceration is irrelevant. To the contrary, § 3624(e) specifically tolls the running of a supervised release term "during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime."

Other courts examining analogous situations have held that supervised release is tolled under § 3624(e) when a defendant's probation is revoked. For example, in *United States v. Bussey*, 745 F.3d 631, 633 (2d Cir. 2014), the Second Circuit held that a defendant's term of supervised release was tolled pursuant to § 3624(e) when the defendant had his state-court parole revoked and was imprisoned on the underlying state-court charge. Bussey began a 3-year term of federal supervised release

10

in February 2010. At that time, he was also serving a State of New York term of parole. Bussey violated both supervised release and parole by failing to inform authorities of his whereabouts, prompting warrants to be issued from both the federal and state courts. Eventually, Bussey was taken into custody by state officials, and his parole was revoked, leading to his incarceration. When Bussey completed his 22-month term of imprisonment for the state parole violation, he was transferred to federal custody, where the federal court imposed an additional two years of supervision. Bussey argued that the additional two years of supervision was improper because he had already completed his original 3 years of supervised release while imprisoned after his state-court parole was revoked. The Second Circuit rejected that argument, crediting him with 14 months of supervised release served before his parole revocation and his imprisonment on the state-court parole revocation, but, under § 3624(e), tolling the supervised release during Bussey's state revocation imprisonment. *Id.* at 632-33.

*United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005), reaches a similar result. In *Jackson*, the Fifth Circuit held that, under § 3624(e), a period of supervised release was tolled under § 3624(e) while a defendant was imprisoned on a state parole revocation, even though the parole revocation itself had been unconstitutional. In so holding, the Fifth Circuit

11

noted that one policy underlying supervised release is to assist a defendant in returning to the community. While a defendant is imprisoned, a probation officer cannot supervise the defendant, making it "impossible for his probation officer to assist him in *returning* to the community." *Id.*

This court dismisses Mellinger's petition because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[1] Mellinger asserts that his supervised release term should have been running from the time he was on parole, even if his parole was revoked and he was reincarcerated for the underlying 1985 convictions. That assertion runs afoul of § 3624(e).

V.      **CONCLUSION.**

For the foregoing reasons, the court dismisses Mellinger's § 2241 petition. Mellinger is given leave to file an amended § 2241 petition no later than May 18, 2018. Any such amended petition may not reassert that his term of supervised release should have been running while he was imprisoned on a parole revocation. If Mellinger chooses to file an amended § 2241 petition, the amended petition must contain sufficient

---

[1]This court need not determine whether a certificate of appealability is necessary for Mellinger to appeal this order. *See Close v. Thomas*, 653 F.3d 970, 974 n.2 (9th Cir. 2011) ("Although Petitioners do not have Certificates of Appealability, a COA is not required to appeal the denial of a § 2241 petition filed by a person in federal custody.").

facts to allow this court to determine what he is claiming.  For example, if Mellinger was not actually incarcerated between July and December 2014, he should state that fact clearly.  Any amended petition must not incorporate by reference the original petition and instead must stand independent of the original petition, although Mellinger need not reattach any exhibit already in the record and may refer in an amended petition to the original exhibit and may add additional exhibits.

If Mellinger does not timely file an amended § 2241 petition, the Clerk of Court shall enter judgment in favor of Defendant and close this case.

The Clerk of Court is ordered to send a copy of this order to Mellinger at his address of record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 16, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Mellinger v. US Probation Officer*, Civ. No. 18-00069 SOM/KSC; ORDER DISMISSING PETITION